■ BERNARD WAIN, Doing Business as WAINCO FUNDING, Respondent, v GLORIA B. CATON et al., Defendants, and ESTHER SYLVESTER, Also Known as ESTHER BALDWIN, as Coexecutor of JAMES MATTESON, Deceased, Appellant. [638 NYS2d 214] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 24, 1995 in Ulster County, which, *inter alia*, denied defendant Esther Sylvester's motion to transfer the action to Surrogate's Court and granted plaintiff's cross motion for summary judgment.

Through a series of deeds defendant Gloria B. Caton acquired title from Richard Klementis to property located on Mill Hill Road in the Town of Woodstock, Ulster County. It appears that the property in question had been devised to Klementis by the will of James Matteson, who died in July 1989. Thereafter, on or about April 6, 1994, Caton mortgaged the premises to plaintiff. Caton subsequently defaulted on her loan obligations and, in December 1994, plaintiff commenced this foreclosure action in Supreme Court.

Prior to the execution of the subject mortgage, defendant Esther Sylvester, in her capacity as coexecutor of Matteson's estate, commenced a proceeding in Surrogate's Court against, among others, Klementis, as the remaining coexecutor of the estate, and Caton seeking, *inter alia*, to set aside the conveyance to Caton and use such property to pay the debts of the estate. When plaintiff subsequently commenced this foreclosure action in Supreme Court, Sylvester moved pursuant to CPLR 325 (e) to transfer the action to Surrogate's Court. Although Sylvester had not yet filed an answer in the foreclosure action, plaintiff cross-moved for summary judgment. Supreme

Court denied Sylvester's motion and granted plaintiff's cross motion for summary judgment, and this appeal by Sylvester followed.*

Although we are unable to conclude that Supreme Court abused its discretion in declining to transfer this action to Surrogate's Court, Supreme Court's decision to award summary judgment to plaintiff against Sylvester was premature inasmuch as Sylvester had not interposed an answer (see, CPLR 3212 [a]). Although apparently in default at the time she made her motion for transfer pursuant to CPLR 325, based upon the particular and unique facts of this case, once it determined that transfer was not warranted and denied Sylvester's motion in this regard, Supreme Court should have granted Sylvester's request for an extension of time to file an answer and denied plaintiff's cross motion without prejudice.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment against defendant Esther Sylvester; cross motion denied with respect to said defendant and defendant is directed to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.

---

* Sylvester's subsequent motion for a stay pending appeal was denied by this Court.